**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Tonia Anissia DAVIS, also known as Tonia Davis, Defendant–Appellant.**

No. 03–50719.
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Decided Aug. 16, 2005.

the limited circumstances set forth in 5TH CIR. R. 47.5.4.

---

Joseph H. Gay, Jr., Assistant U.S. Attorney, Margaret M. Embry, U.S. Attorney's Office, for Plaintiff–Appellee.

Stanley Lee Schwieger, Waco, TX, for Defendant–Appellant.

Before BARKSDALE, GARZA, and DENNIS, Circuit Judges.

## ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

PER CURIAM: *

This court affirmed the sentence of Tonia Anissia Davis. *United States v. Davis*, 84 Fed.Appx. 449 (5th Cir.2004) (unpublished). The Supreme Court vacated and remanded for further consideration in light of *United States v. Booker*, —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). *Davis v. United States*, —— U.S. ——, 125 S.Ct. 1046, 160 L.Ed.2d 992 (2005). This court requested and received supplemental letter briefs addressing the impact of *Booker*.

Davis contends that she is entitled to resentencing because the district court used judicially-found facts to enhance her offense level and sentenced her under a mandatory application of the United States Sentencing Guidelines prohibited by *Booker*. This court will not consider a *Booker*-related challenge raised for the first time in a petition for certiorari absent extraordinary circumstances. *United States v. Taylor*, 409 F.3d 675, 676 (5th Cir.2005). Davis identifies "no evidence in the record suggesting that the district court would have imposed a lesser sentence under an advisory guidelines system." *Id.* (citing *United States v. Hernandez–Gonzalez*, 405 F.3d 260, 261 (5th Cir.2005); *United States v. Mares*, 402 F.3d 511, 521–22 (5th Cir.), *cert. denied* —— U.S. ——, 126 S.Ct. 43, —— L.Ed.2d —— (2005)). Because Davis has not demonstrated plain error, "it is obvious that the much more demanding standard for extraordinary circumstances, warranting review of an issue raised for the first time in a petition for certiorari, cannot be satisfied." *See Taylor*, 409 F.3d at 677.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Because nothing in the Supreme Court's *Booker* decision requires us to change our prior affirmance in this case, we therefore reinstate our judgment affirming Davis's conviction and sentence.

AFFIRMED.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.